UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

YISROEL HEBER
a/k/a "Scott Heber,"
and
YECHIEL MESHI-ZAHAV,

Defendants.

**SEALED INDICTMENT**

24 Cr.

24 CRIM 188

### COUNT ONE
**(Conspiracy to Commit Wire Fraud)**

The Grand Jury charges:

Overview of the Loan Fraud Scheme

1.  Between at least in or about March 2021 through at least in or about December 2021, YISROEL HEBER, a/k/a "Scott Heber," and YECHIEL MESHI-ZAHAV, the defendants, participated in an advance-fee loan fraud scheme that defrauded dozens of victims of a total of at least approximately $2 million. HEBER and MESHI-ZAHAV operated this fraudulent scheme through purported lending companies including Blue Ribbon Funding, Tru Capital Funding, Fund Capital LLC, a/k/a "Fund Cap LLC," and Ameriquest Capital (collectively, the "Fraudulent Lenders"). During the course of the scheme, HEBER and MESHI-ZAHAV, through their control of the Fraudulent Lenders, induced victims to provide their bank account information in order to make payments related to loans that the Fraudulent Lenders promised to issue to the victims. Instead, however, HEBER and MESHI-ZAHAV defrauded the victims by withdrawing thousands of dollars from each of the victims' bank accounts without issuing the promised loans.

The Blue Ribbon Funding Scheme

2. First, between at least in or about March 2021 through at least in or about June 2021, YISROEL HEBER, a/k/a "Scott Heber," and YECHIEL MESHI-ZAHAV, the defendants, defrauded victims through their control of the purported lending companies Tru Capital Funding and Blue Ribbon Funding (the "Blue Ribbon Funding Scheme").

3. The victims, who were typically the owners and operators of small businesses, were offered business loans by individuals purporting to work for an entity called Tru Capital Funding, which was supposedly based at a particular address (the "Tru Capital Funding Address") in Greenwich, Connecticut.[1] The victims, at least one of whom was located in New York, New York, communicated with the individuals purporting to work for Tru Capital Funding by phone and email.

4. In order to receive the business loans, the victims were induced by the individuals purporting to work for Tru Capital Funding to enter into agreements (the "Fraudulent Blue Ribbon Funding Agreements") with another entity called Blue Ribbon Funding, which was purported to be the entity funding the loans. The Fraudulent Blue Ribbon Funding Agreements set forth a payment schedule (the "Blue Ribbon Funding Payment Schedule"), pursuant to which the victims were to be paid the full amount of the loan by Blue Ribbon Funding over multiple weeks' worth of installments. In exchange, as set forth in the Blue Ribbon Funding Payment Schedule, the victims agreed to make certain fee and loan payments to Blue Ribbon Funding via electronic fund transfers from their bank accounts, thousands of dollars of which were due up front. For the purpose of making the electronic payments purportedly required to receive the loans, the victims were required to provide their bank account information to Blue Ribbon Funding.

---

[1] In fact, no such business existed at the Tru Capital Funding Address.

5. In fact, however, YISROEL HEBER, a/k/a "Scott Heber," and YECHIEL MESHI-ZAHAV, the defendants, used their access to victims' bank accounts through their control of Blue Ribbon Funding to cause thousands of dollars to be withdrawn from victims' bank accounts via electronic fund transfers without ever paying the victims the full amount of the promised loans.[2] Specifically, the electronic fund transfers from the victims' accounts were each sent, via a wire processing company based in Georgia, to a bank account held in the name of Zahav Asset Management, doing business as ("DBA") "Blue Ribbon Funding," and controlled by MESHI-ZAHAV, who, in turn, wired hundreds of thousands of dollars to a bank account controlled by HEBER and a co-conspirator ("CC-1").

### The Fund Capital Scheme

6. Subsequently, between at least in or about November 2021 through at least in or about December 2021, YISROEL HEBER, a/k/a "Scott Heber," and YECHIEL MESHI-ZAHAV, the defendants, defrauded victims through their control of the purported lending companies Fund Capital LLC, a/k/a "Fund Cap LLC" ("Fund Capital") and Ameriquest Capital ("the Fund Capital Scheme"). As set forth below, the defendants operated the Fund Capital Scheme in substantially the same way as the Blue Ribbon Funding Scheme.

7. The victims, who were typically the owners and operators of small businesses, were offered business loans by individuals purporting to work for an entity called Ameriquest Capital. The victims communicated with the individuals purporting to work for Ameriquest Capital by phone and email.

8. In order to receive the business loans, the victims were induced by the individuals purporting to work for Ameriquest Capital to enter into agreements (the "Fraudulent Fund Capital

---

[2] Although certain victims received initial installment payments from Blue Ribbon Funding, the purported fee and loan payments that Blue Ribbon Funding withdrew from the victims' accounts substantially exceeded the amounts of any such payments.

Agreements") with another entity called Fund Capital, which was purported to be the entity funding the loans. The Fraudulent Fund Capital Agreements set forth a payment schedule (the "Fund Capital Payment Schedule"), pursuant to which the victims were to be paid the full amount of the loan by Fund Capital over multiple weeks' worth of installments. In exchange, as set forth in the Fund Capital Payment Schedule, the victims agreed to make certain fee and loan payments to Fund Capital via electronic fund transfers from their bank accounts, thousands of dollars of which were due up front. For the purpose of making the electronic payments purportedly required to receive the loans, the victims were required to provide their bank account information to Fund Capital.

9.      In fact, however, YISROEL HEBER, a/k/a "Scott Heber," and YECHIEL MESHI-ZAHAV, the defendants, used their access to victims' bank accounts through their control of Fund Capital to cause thousands of dollars to be withdrawn from victims' bank accounts via electronic fund transfers without ever paying the victims the full amount of the promised loans.[3] Specifically, the electronic fund transfers from the victims' accounts were each sent to a bank account held in name of Fund Capital and controlled by MESHI-ZAHAV, who, in turn, electronically transferred thousands of dollars to a bank account controlled by HEBER and CC-1.

Statutory Allegations

10.     From at least in or about March 2021 through at least in or about December 2021, in the Southern District of New York and elsewhere, YISROEL HEBER, a/k/a "Scott Heber," and YECHIEL MESHI-ZAHAV, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit

---

[3] Although certain victims received initial installment payments from Fund Capital, the purported fee and loan payments that Fund Capital withdrew from the victims' accounts substantially exceeded the amounts of any such payments.

4

wire fraud, in violation of Title 18, United States Code, Section 1343.

11.     It was a part and an object of the conspiracy that YISROEL HEBER, a/k/a "Scott Heber," and YECHIEL MESHI-ZAHAV, the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, HEBER and MESHI-ZAHAV operated an advance-fee loan fraud scheme through which they defrauded victims of a total of at least approximately $2 million, and sent and received, and caused others to send and receive, emails and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

### FORFEITURE ALLEGATION

12.     As a result of committing the offense alleged in Count One of this Indictment, YISROEL HEBER, a/k/a "Scott Heber," and YECHIEL MESHI-ZAHAV, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney